UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE LORA-RUIZ,<br><br>                      Plaintiff,<br><br>- against -<br><br>MONTEFIORE NYACK HOSPITAL; SOUND INPATIENT PHYSICIANS, INC.; and CHARITY CATANIA,<br><br>                      Defendants. | Case No. 7:20-cv-5673 (KMK)<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

      **THIS MATTER** having been opened to the Court by the parties for the entry of a Consent Protective Order (the "Order") as it appears that discovery in the above-captioned action is likely to involve the disclosure of confidential information, the terms of which shall govern pretrial production and pretrial disclosure of all documents produced by any party or non-party to this action, and the Court being fully advised; the parties having conferred and agreed to the entry of this Order; and for good cause shown:

      **IT IS** on this 20th day of May, 2021; **ORDERED** that:

      1.    Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any documents produced or information disclosed (by way of deposition or otherwise), not otherwise lawfully available to the public, that concern or reveal information related to personnel, confidential business information or proprietary information.

      2.    Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any

information, document, thing, interrogatory answer, admission, pleading, or testimony, shall identify the document as Confidential as follows:

    a. If produced in a paper format, the Confidential material shall be marked by the producing party with a legend of the following type: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER".

    b. If produced in an electronic format, the Confidential material shall be identified as such in an accompanying statement at or about the time of production. If practicable, the producing party should attempt to imbed a Confidentiality warning in the electronic media, but failure to do so does not waive or impair the protections of this Order.

    c. If produced orally in deposition, Confidential designations shall be made in accordance with Paragraph 6, below.

    d. It shall be the responsibility of the party to whom Confidential materials are produced to take such steps as are necessary to ensure that the protections of this Order are maintained.

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned

action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such

materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean employees, contractors and agents who are required to participate in decisions with reference to this lawsuit.

h. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this action and members of the arbitrator's or mediator's staff and assistants;

i. The parties' insurers in this action, and their staff and assistants, members, officers, board members, directors, or other legal representatives;

j. Any auditor or regulator of a party entitled to review Confidential material due to contractual rights or obligations or federal or state laws, or court orders, but solely for such contractual or legal purposes;

k. Each party may disclose its own Confidential material, excluding Confidential material received from an opposing party, to any individual or entity without restriction.

Before receiving any Confidential material, any individual described in Paragraphs 4(e)- (j) shall first be instructed that the material is confidential and is subject to a Confidentiality Protective Order. Further, the individual must be instructed that he/she must keep the material confidential consistent with this Order, may only use such material pursuant to the legitimate uses permitted hereunder, and violations of this Order may result in sanctions and punishments for violations of this Order, among other things.

5. Confidential material, copies thereof, and the information contained therein shall be used only by individuals permitted access to it under Paragraph 4 in

accordance with Paragraph 3.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.  Each party, however, may disclose its own Confidential material to any individual or entity as set forth in Paragraph 4(h).  There shall be no reproduction whatsoever of Confidential material, except as counsel deems necessary for the proper preparation and trial of this case.  Any such reproduction shall be in accordance with the limitations and restrictions set forth in this Order.

      6.      With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties through their counsel that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. If counsel for a party receiving documents or information designated as Confidential objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37 (a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

8. In filing with the Court any pleading, brief or other paper that quotes or contains Confidential Material, the following rules shall apply:

a. Counsel for a party planning to file discovery materials that were designated as Confidential Material by another party or a witness shall, to the extent practicable, provide reasonable advance notice of the specific materials that will be filed to counsel for the designating party or, in the case of materials designated by a non-party witness, to counsel for the witness and counsel for all parties. Counsel for the designating party or witness shall thereafter promptly inform the filing party's counsel of any specific documents for which the designating party or witness withdraws the designation as Confidential Material.

b. To the extent that, following the exchange contemplated in paragraph a, the filing party's submission still includes materials for which the Confidential Material designation remains:

  i. The filing party shall follow the procedures ~~of Local Civil Rule 5.3(b), with the following modification: the filing party shall file, in lieu of the statement and brief required by Rule 5.3(b)(2)(A)(iii)-(v), a statement that the documents were designated confidential by another party or a witness and that, pursuant to the terms of this Order, the required statement and brief in support of the sealing of the confidential portion of the record will be provided by the designating party, witness, or party interested in continuing the confidential treatment of the materials. The Confidential Materials so submitted shall be temporarily sealed pending the completion of the proceedings described herein.~~ set forth in Standing Order 19-MC-583 and ECF Rules and Instructions, Section 6.

4835-9346-0969.2

ii. Counsel shall file under seal only those specific documents and only those specific portions of deposition testimony that have been designated as Confidential Material.

iii. Pleadings, motions, memoranda, briefs and other papers shall be subject to being sealed if they either quote verbatim Confidential Material or set forth the substance of Confidential Material.

iv. To the extent practicable, only the specific portion of a pleading, motion, memorandum, brief or other paper that quotes or sets forth the substance of Confidential Material shall be filed under seal.

v. Where, in counsel's good faith judgment, the quotation or discussion of Confidential Material in a particular motion, memorandum, brief or other paper is so pervasive as to render compliance with subparagraph iii impracticable, counsel are authorized to file the entire motion, memorandum, brief or other paper under seal.

c. ~~Within fourteen (14) days of a submission of the type described in paragraph b, the designating party, witness, or party interested in continuing the confidential treatment of the materials shall file the statement and brief. Failure to provide the statement within this period of time shall automatically terminate the temporary seal, unless the Court grants an extension of the time within which the party or witness must file the requisite statement. Timely submission of the statement shall continue~~

~~the temporary seal until the Court issues an order further determining the treatment of the Confidential Materials.~~

    c. ~~d.~~ The Court shall thereafter determine the treatment of the Confidential Materials.

9. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

11. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of

privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. No information that is in the public domain or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

13. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. Nothing in this Order shall be deemed to require the production of any documents, materials or information.

14. This Order is being entered without prejudice to the right of any party to apply at any time to the Court for modification or for relief from any of its terms. All such motions shall be filed in compliance with the terms of this Order.

15. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

16. For any violation of this Order, the parties may apply to the Court for all relief that may be available in law and equity.

17. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

IT IS SO ORDERED.

*Judith C. McCarthy*  5/20/2021
Judith C. McCarthy
United States Magistrate Judge

**THE UNDERSIGNED HEREBY CONSENT TO ENTRY OF THE WITHIN ORDER:**

| LESLIE LORA-RUIZ, Plaintiff<br><br>By: */s Timothy J. Brock*<br>    Benjamin J. Wyatt, 5604590<br>    BWyatt@Wyattlegalservices.com<br>    Timothy J. Brock, 5614151<br>    TBrock@Wyattlegalservices.com<br>    The Law Offices of Wyatt & Associates, P.L.L.C<br>    17 Elm Street, Suite C211<br>    Keene, NY 03431<br>    Telephone: (603) 357-1111<br>    Facsimile: (603) 685-2868<br>    New York Office:<br>    418 Broadway, 2nd Floor<br>    Albany, NY 12207 | SOUND INPATIENT PHYSICIANS, INC., AND CHARITY CATANIA, Defendants<br><br>By: */s Gillian G. O'Hara*<br>    Robert A. Jaffe (NY Bar No. 1549377)<br>    KUTAK ROCK LLP<br>    45 Rockefeller Plaza, Suite 2000<br>    New York, NY 10111-3193<br>    (202) 828-2434<br>    (212) 332-1120<br>    robert.jaffe@kutakrock.com<br><br>    Marcia A. Washkuhn (NE Bar No. 21022)<br>    (admitted *pro hac vice*)<br>    Gillian G. O'Hara (NE Bar No. 22414)<br>    (admitted *pro hac vice*)<br>    Meaghan M. Gandy (NE Bar No. 25486)<br>    (admitted *pro hac vice*)<br>    KUTAK ROCK LLP<br>    The Omaha Building<br>    1650 Farnam Street<br>    Omaha, NE 68102 |

|  | (402) 346-6000<br>(402) 346-1148<br>marcia.washkuhn@kutakrock.com<br>gigi.ohara@kutakrock.com<br>meaghan.gandy@kutakrock.com |
|---|---|
|  | MONEFIORE NYACK HOSTPIAL, Defendant<br><br>By: ___/s John Houston Pope___<br>   James S. Frank (JFrank@ebglaw.com)<br>   John Houston Pope (JHPope@ebglaw.com)<br>   Daniel J. Green (DJGreen@ebglaw.com)<br>   EPSTEIN BECKER & GREEN, P.C.<br>   875 Third Ave.<br>   New York, NY 10022<br>   (212) 351-4500 |

Dated:  May 19, 2021

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE LORA-RUIZ,<br><br>                            Plaintiff,<br><br>- against -<br><br>MONTEFIORE NYACK HOSPITAL; SOUND INPATIENT PHYSICIANS, INC.; and CHARITY CATANIA,<br><br>                            Defendants. | Case No. 7:20-cv-5673 (KMK)<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

_____, being duly sworn, state that:

1. My address is: _____.

2. My present employer is _____, and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____  _____

(Signature)

_____

(Print Name)